1  Michael K. Friedland (SBN 157,217)
   mfriedland@knobbe.com
2  Ali S. Razai (SBN 246,922)
   ali.razai@knobbe.com
3  Charlene A. Azema (SBN 288,434)
   charlene.azema@knobbe.com
4  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
5  Irvine, CA  92614
   Telephone: (949) 760-0404
6  Facsimile:  (949) 760-9502

7  Robert M. Hupe (SBN 143,803)
   roberthupe@virco.com
8  VIRCO MFG. CORPORATION
   2027 Harpers Way
9  Torrance, CA 90501
   Telephone: (310) 533-0474
10 Facsimile:  (310) 533-5029

11 Attorneys for Plaintiff
   VIRCO MFG. CORPORATION

12

13 Mark H. Bloomberg (NY Bar No.: 1982271), admitted pro hac vice
   mbloomberg@zuberlaw.com
14 Jeffrey J. Zuber (SBN 220830)
   jzuber@zuberlaw.com
15 Lisa M. Lawrence (CA Bar No.: 240375)
   llawrence@zuberlaw.com
16 ZUBER LAWLER & DEL DUCA LLP
   777 South Figueroa Street, 37th Floor
17 Los Angeles, California  90017
   Telephone: (213) 596 5620
18 Facsimile: (213) 596 5621

19 Joel Weiss (NY Bar No.: 2868529), admitted pro hac vice
   jweiss@weissarons.com
20 WEISS & ARONS, LLP
   1540 Route 202, Suite 8
21 Pomona, New York 10970
   Telephone:  (845) 362-6100
22 Facsimile:  (945) 362-6111

23 Attorneys for Defendants:
   HERTZ FURNITURE SYSTEMS LLC
24 ACADEMIA FURNITURE SYSTEMS LLC

25

26

27

28

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

WESTERN DIVISION

11
12

| | |
|---|---|
| VIRCO MFG. CORPORATION, a Delaware corporation, | Case No. 2:13cv02205 JAK(JCx) |
| Plaintiff, | **REVISED STIPULATED ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS** |
| v. | |
| HERTZ FURNITURE SYSTEMS LLC, a New Jersey company and ACADEMIA FURNITURE LLC, a New Jersey company, | **[CHANGES MADE BY COURT TO PARAGRAPHS 10, 11 AND 31]** |
| Defendants. | |

13
14
15
16
17
18
19
20    ///
21    ///
22    ///
23    ///
24    ///
25    ///
26    ///
27    ///
28

The above-captioned action, *Virco Mfg. Corporation v. Hertz Furniture Systems LLC and Academia Furniture LLC*, No. 2:13cv02205 JAK (JCx) (C.D. Cal.) (the "Action"), is likely to involve discovery of documents and testimony containing trade secrets and other confidential proprietary research, development, and commercial information of the parties to this Action and third parties who may be subpoenaed to provide deposition testimony and documents, including confidential and commercially sensitive information relating to business strategies, manufacturing and distribution capabilities, sales, costs, pricing, profitability, customers, suppliers, and other business and financial data, which, if disclosed other than as specified herein, will pose a significant risk of injury to the legitimate business interests of the disclosing party.  This Order Governing the Designation and Handling of Confidential Materials ("Confidentiality Order") is necessary to protect the legitimate business interests of the disclosing parties in such information, and good cause exists for the entry of this Order.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and pursuant to the stipulation and agreement of the parties,

IT IS HEREBY ORDERED, that if, in the course of these proceedings, any party or non-party has the occasion to disclose information deemed in good faith to constitute confidential proprietary information of the type contemplated by Rule 26(c) of the Federal Rules of Civil Procedure, the following procedures shall be employed and the following restrictions shall govern the handling of documents, depositions, pleadings, exhibits, and all other information exchanged by the parties in this Action, or provided by or obtained from non-parties to this Action.

## SCOPE

1.     This Confidentiality Order shall apply to all documents, depositions, pleadings, exhibits, and all other material or information subject to

discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert deposition testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action, including material and information produced in this Action pursuant to mandatory disclosure provisions and supplementary disclosure requirements of any Federal Rule or Local Rule of this Court ("Discovery Material").

2.    As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual other than Court personnel who receives, is shown, or is exposed to material or information covered by this Confidentiality Order.

## DESIGNATION

3.    Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," in accordance with this Confidentiality Order. The burden of establishing that Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY as defined herein shall be on the Producing Party.  The designation of any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.  Before a non-party's production of Discovery Material in this Action, the non-party shall be notified that it may designate any such information as confidential in accordance with this Confidentiality Order.  To

///

-2-

this end, a copy of this Confidentiality Order shall be provided to third parties simultaneously with any discovery request.

4.      Discovery Material falling into one or more of the following categories may be designated as CONFIDENTIAL: (i) internal development and/or technical communications that are not publicly available and that are not expressly contained in public information; (ii) unpublished patent applications and patent prosecution documents that are not available upon request from the U.S. Patent and Trademark Office or any other patent office; and (iii) any other sensitive financial, business, or commercial information that is not publicly available and that is not expressly contained in public information, and that is not designated HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY pursuant to paragraph 5 herein.

5.      Discovery Material that is CONFIDENTIAL may be designated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY when it is: (i) proprietary research, development and/or technical information that is not publicly available and that is not expressly contained in public information (including, without limitation, source code, trade secrets, and other technical documents); (ii) information that has been maintained by the Producing Party as confidential and discloses, or is sufficient to discern, the Producing Party's sales volume, sales units, prices, price structures, discounts, costs, profits, margins, technical documents, marketing strategies, competitive business plans, and the identity of customers; or (iii) information, which if disclosed, would likely harm the competitive position of the Producing Party.  The categories listed above shall not preclude the parties from agreeing that information not specifically listed above should be maintained as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.

6.      The Producing Party may designate documents or other tangible Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY by placing the following legend or similar legend on the document or thing: CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY; provided, however, that in the event original documents are produced for inspection, the Producing Party shall place the appropriate legend on the documents in the copying process.  Where particular Discovery Material contains both non-confidential information and information the Producing Party contends is CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, only the information the Producing Party contends is CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY is subject to the limitations on disclosure set forth in this Confidentiality Order.  Any copy of such documents or thing, or document or thing created (*e.g.*, any abstract, summary, memorandum or exhibit), containing information the Producing Party contends is CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall bear on its face and on those pages actually containing such information the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."  All things containing information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY that cannot be conveniently labeled shall be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY by letter to the Receiving Party.

7.     If, during the course of discovery in this Action, an outside attorney representing a party hereto, is authorized to inspect the other party's facilities, or process of product manufacture, any documents or things generated as a consequence of any such inspection shall automatically be deemed HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY and shall be treated as such unless the Producing Party agrees otherwise.  Any non-outside

attorney representative of or expert engaged on behalf of a party hereto that wishes to inspect the other party's facilities, or process of product manufacture, shall, in addition to the protections of this order agree to the following: for a period of two (2) years from the last date of inspection the non-outside attorney representative or expert will provide the disclosing party with prior written notice (at least two (2) weeks in advance) before meeting with, consulting for, or providing any service to persons, companies, organizations, or other enterprises in the furniture design and/or manufacturing industry, or any other related industry.   The notice shall describe the purpose of the meeting, consultation or service sufficiently detailed to allow the disclosing party to ascertain if there is a risk of disclosure of confidential information.   If the disclosing party determines that there is a risk of disclosure of confidential information, the non-outside attorney representative or expert will defer the meeting, consultation or service until the parties can resolve the concern.

8.   Any party or non-party may designate discovery requests or responses (and the information contained therein) as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY by placing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on the face of any such document and those pages actually containing the information the party or non-party contends is CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.

9.   Any party or non-party may designate depositions (including exhibits) as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY by (i) indicating on the record at the time the testimony is given that the entire testimony or portions thereof shall be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY or (ii) by captioned, written notice to the reporter

1   and all counsel of record, given within ten (10) business days after the reporter
2   sends written notice to the deponent or the deponent's counsel that the final
3   transcript is available for review, in which case all counsel receiving such notice
4   shall be responsible for marking the copies of the designated transcript or
5   portion thereof in their possession or control as directed by the Producing Party
6   or deponent.   The following legend shall be placed on the front of any
7   deposition transcript (and, if videotaped, any copies of the videotape) containing
8   testimony or information the party or non-party contends is CONFIDENTIAL
9   or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY:

10          Contains information designated as CONFIDENTIAL.  Designated
11          parts not to be used, copied, or disclosed except as authorized by
12          Court Order or the party or parties whose information designated as
13          CONFIDENTIAL is included.

14                              or

15          Contains information designated as HIGHLY CONFIDENTIAL –
16          OUTSIDE ATTORNEYS' EYES ONLY.  Designated parts not to
17          be used, copied, or disclosed except as authorized by Court Order
18          or the party or parties whose information designated as HIGHLY
19          CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY is
20          included.

21          10.   The parties shall not disseminate a deposition transcript or the
22   contents thereof beyond the persons designated in Paragraphs 15 or 16 below, as
23   applicable, for a period of up to ten (10) business days after the reporter sends
24   written notice to the deponent or the deponent's counsel that the transcript is
25   available for review, in order to give adequate time for any party or non-party to
26   provide written notice to designate depositions (including exhibits) as
27   CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'
28   EYES ONLY, except that portions of transcripts may be submitted for filing

under seal with the Court and used in accordance with Paragraph 11 in connection with these proceedings at any time.

11.    If any papers to be filed with the Court contain information and/or documents that have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers. As the assigned District Judge and Magistrate Judge are both participating in the Pilot Project for the Electronic Submission and Filing of Under Seal Documents ("Pilot Project"), the parties shall also comply with the applicable judge's directions thereunder or, if the Pilot Project should conclude during the pendency of this action, with Local Rule 79-5.1 or other pertinent Court order.

## **USE OF PROTECTED INFORMATION**

12.    Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall be used only in preparation for, and in the trial of, this Action or any appeal therefrom, or in alternative dispute resolution proceedings deriving from this Action. Neither Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, nor any copies and/or extracts thereof, nor anything derived therefrom shall be disclosed in any way to any person, attorney, government agency, or expert or consultant for use in any other litigation or contemplated litigation, for use in preparing or prosecuting any patent, patent application, or reexamination (*e.g.*, preparing, drafting, reviewing, filing, or responding to office actions, signing oaths or declarations, providing counsel regarding any of the foregoing activities or

prosecution of patent applications, or assisting in any of those activities) or for any other purpose extraneous to this litigation.  Nothing in this Confidentiality Order shall preclude a Producing Party from using or disseminating its own Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.  However, nothing in this Paragraph 12 shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

13.   All material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall be protected from disclosure as specified herein, unless a party obtains written permission from the Producing Party or an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected in the manner designated.  Any motion seeking an Order to modify the level of protection afforded Discovery Material must comply with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

14.   Non-parties may (i) designate deposition transcripts of their witnesses and any documents, things or information they produce, whether voluntarily or by subpoena, as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY to the same extent and in the same manner as parties to this Action and any such materials and information shall be treated by the parties to this Action in the same manner as materials and information so designated by a party (otherwise, this Confidentiality Order shall not apply to such materials), and (ii) intervene in this Action to enforce the provisions of this Confidentiality Order as if they were a party.

///

///

///

## DISCLOSURE

15.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

(a.)     any "outside" attorney of record in this Action (including partners, of counsel, associates, and contract attorneys for the firms of record but not otherwise identified specifically on pleadings);

(b.)     "in-house" attorneys who are serving as a litigation manager or otherwise have decision-making authority regarding this Action;

(c.)     support personnel for attorneys listed in sub-paragraphs 15(a) and 15(b) above, including law clerks, paralegals, assistants, secretaries, and clerical staff employed by any attorney identified in sub-paragraphs 15(a) or 15(b) and assisting in connection with this Action;

(d.)     any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraphs 15(a) or 15(b) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work, subject to Paragraph 12;

(e.)     any neutral retained by Virco Mfg. Corporation, Hertz Furniture Systems LLC, or Academia Furniture LLC in connection with alternative dispute resolution proceedings relating to this Action;

(f.)     any interpreter, translator, or court or other shorthand reporter or typist translating, recording, or transcribing testimony;

(g.)     service contractors (such as document copy services and litigation support services) and graphic artists;

(h.)     jury consultants, mock jurors, focus group members, and the like;

(i.)     any person who authored and/or was an identified original recipient of the particular Discovery Material designated as CONFIDENTIAL,

or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular Discovery Material designated as CONFIDENTIAL that is sought to be disclosed;

(j.)   personnel of the Court and all appropriate courts of appellate jurisdiction; and,

(k.)   jurors serving in any trial of this Action.

Discovery Material designated as CONFIDENTIAL, or any summary thereof, shall not be disclosed to persons described in Paragraphs 15(d) or (h) unless and until such person has executed the affidavit in the form attached as Exhibit A.

16.   Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY may be disclosed by the Receiving Party only to the following persons:

(a.)   any "outside" attorney of record in this Action (including partners, of counsel, associates, contract attorneys for attorneys employed by the firms of record but not otherwise identified specifically on pleadings);

(b.)   administrative support personnel for attorneys listed in sub-paragraph 16(a) above, such as administrative assistants, secretaries, or paralegals, who are assisting attorneys listed in sub-paragraph 16(a) in connection with this Action;

(c.)   any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraph 16(a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work, subject to Paragraph 12;

(d.)   any neutral retained by Virco Mfg. Corporation, Hertz Furniture Systems LLC, or Academia Furniture LLC in connection with alternative dispute resolution proceedings relating to this Action;

-10-

(e.)   any interpreter, translator, or court or other shorthand reporter or typist translating, recording, or transcribing testimony;

(f.)   service contractors (such as document copy services and litigation support services) and graphic artists;

(g.)   jury consultants, mock jurors, focus group members, and the like;

(h.)   any person who authored or was an identified original recipient of the particular Discovery Material designated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular Discovery Material designated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY that is sought to be disclosed;

(i.)   personnel of the Court and all appropriate courts of appellate jurisdiction; and,

(j.)   jurors serving in any trial of this Action.

Discovery Material designated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, or any summary thereof, shall not be disclosed to persons described in paragraphs 16(c) or (g) unless and until such person has executed the affidavit in the form attached as Exhibit A and the executed affidavit is served on the other parties in this Action.

17.   At least ten (10) business days before the disclosure of any Discovery Material of the Producing Party that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY to an individual identified above in Paragraph 15(d) or (h) or Paragraph 16(c) or (g), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and including a curriculum vitae or equivalent resume and an executed acknowledgement from

the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto.

The Producing Party shall state any objections to the proposed disclosure of Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY to any individual described in Paragraph 15(d) or (h) or Paragraph 16(c) or (g) and state the reasons therefor in writing to the Receiving Party within five (5) business days of receipt of the Notice.  Upon the making of any such objection(s), the Producing Party shall have ten (10) business days (or any additional time which may be granted by the Court or agreed to by stipulation of the parties) from sending its objection(s) in which to challenge, by filing an expedited motion, the disclosure of Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.   Any such expedited motion must comply with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).  The approval of independent experts must not be unreasonably withheld.

Unless the Producing Party objects to the disclosure and files an expedited motion in accordance with the Notice and timing provisions of this Paragraph 17 and Paragraph 33, the Producing Party waives its right to challenge the disclosure of Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY to the identified individual(s), and the individual identified in the Notice shall be considered a qualified recipient of Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY under the terms of this Confidentiality Order.  Should the Producing Party timely object and file its expedited motion, Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE

///

ATTORNEYS' EYES ONLY will not be disclosed pending resolution of the expedited motion.

18.    Notwithstanding the foregoing, if Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY makes reference to the actual or alleged conduct or statements of a person who a party has determined will be a witness, counsel may discuss the conduct or statements with the witness without revealing any other portion of the document or testimony and that discussion shall not constitute disclosure in violation of this Confidentiality Order.

19.    The recipient of any Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

20.    Nothing shall prevent disclosure beyond the terms of this Confidentiality Order if the party designating the information consents in writing to such disclosure, or if the Court orders such disclosure.

**EXEMPTED MATERIALS**

21.    None of the provisions of this Confidentiality Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY has/had been:

(a.)    available to the public at the time of its production hereunder;

///

///

(b.)    available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c.)    known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein without use or benefit of the information;

(d.)    obtained outside this Action by such Receiving Party from the Producing Party without having been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY; provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

(e.)    obtained by such Receiving Party after the time of disclosure hereunder from a third party having the right to disclose the same; or

(f.)    previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

The Receiving Party shall have the burden of proof to remove the restrictions set forth herein based on grounds (a)–(f) of this Paragraph 21.

22.    Any party may seek to remove the restrictions set forth herein on the ground that Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY does not fall within the respective definition of "CONFIDENTIAL" set forth in Paragraph 4 above, or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," set forth in Paragraph 5 above.  The Producing Party shall have the burden of proof of establishing that Discovery Material challenged under this Paragraph 22 constitutes Discovery Material that is CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, as defined in Paragraphs 4 and 5, respectively.  Any motion to

-14-

remove the designation CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY made pursuant to this Paragraph 22 must comply with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

### INADVERTENT PRODUCTION/DESIGNATION

23.     Regardless of the diligence of any party, an inadvertent production of privileged or attorney work-product documents may occur.  If a party, through inadvertence, produces or provides Discovery Material that it reasonably believes is privileged or otherwise immune from discovery, that party shall promptly so advise the receiving party in writing, state and substantiate the basis for the alleged privilege or immunity and the reasonable and diligent efforts made to prevent disclosure, and request that the Discovery Material be returned.  If these conditions are met, the receiving parties shall return to the producing party such inadvertently produced Discovery Material and all copies thereof within five (5) business days of receipt of the written request.  Return of the Discovery Material shall not constitute an admission or concession, or permit any inference, that the returned Discovery Material is, in fact, properly subject to a claim of privilege or immunity from discovery, nor shall it foreclose any party from moving the Court for an order that such Discovery Material has been improperly designated or should be produced in accordance with the Federal Rules of Civil Procedure, but only for reasons other than that the inadvertent production caused a waiver.

24.     The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material should be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

EYES ONLY within a reasonable time from when the failure to designate first became evident to the Producing Party.  The party receiving Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall not be in breach of this Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate. Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph 24, the Receiving Party shall take reasonable steps to, at the Producing Party's option, ensure that all copies of any such Discovery Materials are either returned promptly to the Producing Party or destroyed, or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under Paragraphs 15 through 20 of this Confidentiality Order.  If data or information has been extracted from any Discovery Materials that are subsequently re-designated pursuant to this Paragraph 24, to the extent possible, the information and/or data will be expunged and not used.

25.   In the event of disclosure of Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY to any person not authorized to such access under this Confidentiality Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.  The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure or use thereof is made.

///

## **OBJECTION TO DESIGNATIONS**

26.     Any party can challenge the designation by the Producing Party of any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.  The process for making such an objection and for resolving the dispute shall be as follows:

(a.)     The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations.  This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection.

(b.)     The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

(c.)     Failing agreement, the objecting party may bring a noticed motion to the Court pursuant to Local Rule 37 for a ruling that the Discovery Material sought to be protected is not entitled to such designation.

Notwithstanding any such challenge to the designation of Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, all such material so designated shall be treated as such and shall be subject to the provisions of this Confidentiality Order until one of the following occurs: (a) the party who designated the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

27.     No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY and a failure to do so shall not preclude a subsequent challenge to such status.

## **RETURN/DESTRUCTION OF MATERIALS**

28.     Not later than thirty (30) business days after the Termination of this Action (defined below), all Discovery Materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, including all copies and derivative works thereof, shall be returned to the Producing Party or, with advance written consent of the Producing Party, destroyed, except that each parties' outside counsel may maintain the pleadings and any papers submitted to the Court, including exhibits thereto, for archival purposes, subject to the terms and continuing effect of this Confidentiality Order.  The party receiving any Discovery Material designated as  CONFIDENTIAL  or  HIGHLY  CONFIDENTIAL  –  OUTSIDE ATTORNEYS' EYES ONLY shall certify in writing that all other such material, including Discovery Material designated as CONFIDENTIAL or HIGHLY  CONFIDENTIAL  –  OUTSIDE  ATTORNEYS'  EYES  ONLY disclosed hereunder, has been returned or destroyed.

## **MISCELLANEOUS PROVISIONS**

29.     This Confidentiality Order is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this order is not believed by such party to be adequate.  Nothing in this Confidentiality Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter may not be discovered at all.

30.     The entry of this Confidentiality Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

31.     If at any time Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY is

subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof, including a copy of the subpoena, to counsel for every party who has produced such Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, and shall provide each such party with an opportunity to object to the production of the Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.  If the Producing Party does not move for a Confidentiality Order within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena, such material in response thereto.  Nothing in this Paragraph 31 shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

32.    Counsel for any party to this Confidentiality Order shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Confidentiality Order to receive Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to information that the Producing Party contends is CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.

33.    All notices required by any paragraphs of this Confidentiality Order are to be made by facsimile or email, and U.S. Mail, to counsel representing the noticed party.  The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.  Any of the notice requirements herein may be waived in whole or in

///

part, but only in writing signed by an attorney for the Producing Party.  All specified time periods are in calendar days, unless otherwise noted.

34.    Nothing in this Confidentiality Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY produced by any other party or non-party.

35.    Execution of this Confidentiality Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any information or documents, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in the Action or any other proceeding.

36.    Each individual who receives Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Confidentiality Order.

37.    For purposes of this Confidentiality Order, "Termination of this Action" is defined to mean the completion of the Action against all Defendants through exhaustion of all appeals from orders and final judgments and/or settlement by the parties.

///

///

38.     The parties agree that the terms of this Confidentiality Order shall survive and remain in effect after the Termination of this Action.  The Court shall retain jurisdiction to hear disputes arising out of this Confidentiality Order.

39.     Any headings used in this Confidentiality Order are for reference purpose only and are not to be used to construe or limit the meaning of any provision.

40.     By signing below, the parties agree as between themselves to be immediately and mutually bound by all of the obligations and restrictions applicable to them as set forth herein, until such time as this particular Order is entered and/or superseded by the Court, or any reviewing court, in its present form.

41.     The Court, its personnel, and jurors serving in any trial of this Action, shall not be bound by any of the provisions of this Confidentiality Order.

**IT IS SO STIPULATED**

                                        KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 15, 2013      By: */s/ Ali S. Razai*_____
                                        Michael K. Friedland
                                        Ali S. Razai
                                        Charlene A. Azema
                                        Attorneys for Plaintiff
                                        VIRCO MFG. CORPORATION

Dated: August 15, 2013      By: */s/ Joel Weiss  (with permission)*_____
                                        Jeffrey Zuber
                                        Joel Weiss
                                        Mark Bloomberg
                                        Attorneys for Defendants
                                        HERTZ FURNITURE SYSTEMS LLC
                                        ACADEMIA FURNITURE SYSTEMS LLC

**IT IS SO ORDERED.**

Dated:  August 15, 2013              _____/s/_____
                                        Hon. Jacqueline Chooljian
                                        United States Magistrate Judge

-21-

# EXHIBIT A

I certify that I have read and am familiar with the terms of the Stipulated Order Governing the Designation and Handling of Confidential Materials ("the Confidentiality Order") entered in the case *Virco Mfg. Corporation v. Hertz Furniture Systems LLC and Academia Furniture LLC*, Civil Action No. 2:13cv02205 JAK (JCx), a copy of which is attached hereto. I agree to be bound by the terms of that Confidentiality Order, and I agree that I will use all Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY provided to me only in a manner authorized by the Confidentiality Order, and only to assist counsel in the litigation of this matter. I agree that I will not disclose or discuss Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY with anyone except as authorized by the terms of the Confidentiality Order.

I hereby submit to the jurisdiction of the Court for the purpose of ensuring compliance with this Confidentiality Order.

_____          _____

Date                                                                    Signature

16029897
081513